HARDY, Judge.
Plaintiff prosecutes this appeal from judgment rej ecting his demands for damages for personal injuries incurred in an automobile collision. To these proceedings Hartford Accident and Indemnity Company, compensation insurer of plaintiff’s employer, intervened, praying for recovery out of any judgment in favor of plaintiff of amounts paid for compensation, medical benefits, etc.
The accident occurred at or about 9:00 o’clock, a. m., on June 7, 1958, on U. S. Highway 167 in Lincoln Parish, approximately one mile south of the town of Du-bach. Plaintiff, an employee of Salley Grocery Company, accompanied by two passengers, was driving a 1957 Plymouth automobile, owned by his employer, in a northerly •direction on the highway. The gravamen -of plaintiff’s claim rests upon his contention that as his automobile was moving in the west lane of the highway at a speed of .approximately sixty miles per hour, undertaking a passing maneuver of a slowly moving truck owned by the defendant, Berry Furniture Company, and driven by one Mar-iis Davis, one of its employees, which was also moving north in the east lane of the highway, the driver of said truck suddenly turned to his left in the path of plaintiff’s overtaking vehicle. Plaintiff testified that at the time of this abrupt turning movement his car was approximately twenty feet to the rear of the truck, and in the attempt to avoid a collision he swerved his vehicle sharply to the right, striking the right rear of the truck.
The named defendants are Spurgeon J. Berry, d/b/a Berry Furniture Company, and his insurer, Lumbermen’s Mutual Casualty Company. Said defendants averred that the driver of the truck had signaled for a left turn, but had not begun such operation at the time of the impact
The crux of this case is to be found in the resolution of the above stated opposed contentions of the parties which exclusively involve a purely factual issue determined by the trial judge in favor of defendants.
The Berry vehicle, a three-quarter ton stake-bodied truck, loaded with furniture, was en route to the home of Tommy Graham, the purchaser of said furniture. Davis, the driver, was accompanied by Graham and a helper, one Sidney Smith. The site of the accident was in a portion of a sweeping “S” curve of the highway which, however, did not affect visibility for a considerable distance in either direction. In order to deliver the furniture to Graham’s home it was necessary to leave the highway upon which the truck was moving at the time of the accident and turn sharply to the west at approximately a ninety degree angle in order to enter the intersection of the old highway.
The testimony of witnesses for the respective parties is irreconcilably conflicting on many material points. Plaintiff testified that as he approached the Berry truck from the rear he pulled into the left or passing lane of the highway and sounded his horn, despite which, at a time when he was approximately twenty feet from the rear of the truck, it began to angle to its left, encroaching upon the west lane to the extent of a foot or a foot and a half; confronted by which situation plaintiff, without applying his brakes, swerved his car sharply to the right, striking the right rear of the truck. This testimony was corroborated in its substantial particulars by Drew Hearn, one of plaintiff’s companions who was seated next to him on the front seat. It was stipulated before trial that plaintiff’s other *233 passenger, because of injuries received in the accident, had no recollection of the details in connection therewith. There was one difference between the testimony of plaintiff and Hearn, with respect to the application of brakes, for Hearn testified that plaintiff did make violent application of his brakes.
Squarely in conflict with plaintiff’s version of the accident Davis testified that he was driving at approximately twenty-five miles per hour entirely in the east lane of the highway; that at a reasonable distance from the turn-off he gave a proper signal of his intention to make a left hand turn; that he was being followed at a distance of several hundred feet by another truck, whose driver apparently saw and heeded his signal; that plaintiff’s automobile, which Davis had not observed, moving at a rapid rate of speed attempted to turn into the space between the two trucks and in doing so collided with the right rear of his vehicle. This testimony was corroborated in some material particulars by Graham, and to some extent by Smith.
The investigation of the accident was conducted by E. H. Powell, a State Trooper, whose testimony, unfortunately, fails to reveal any facts which would throw any light upon the manner of occurrence of the accident. The Trooper did not even testify as to the point of impact with relation to the highway. However, it is noted that he observed a “slight skid mark in the east lane apparently made from the right rear wheel of the truck” skidding back to the left side of the road.
The opposed testimony of the witnesses involved being inconclusive, we think it would be entirely proper to affirm the judgment on the ground that plaintiff had failed to establish his charges of negligence against the driver of defendant’s truck. However, in deference to the sincere and insistent argument of counsel for plaintiff, we will proceed to a further discussion of the circumstances. It is stoutly urged by counsel that the location and direction of the skid mark, to which reference was made in the testimony of the State Trooper, should be accepted as conclusive evidence of the fact that Davis had begun his turning; operation to the left, encroaching upom plaintiff’s passing lane. This argument might carry some weight were it not for the fact that the testimony in the record clearly establishes the fact that the skid mark relied upon was made after the impact by the right rear tire of the Berry truck, which was blown out by the force of the collision. Another factor which we regard as being' highly persuasive relates to the position of the furniture which was thrown out of the-truck as the result of the collision. It wasj established that the articles of furniture came to rest on the highway a short distance south of the point where a turn-off into the interesction would have been made. The conclusion is therefore inescapable that the place of impact must be located some distance south of the point at which the driver of a vehicle would begin a left turn into the old highway intersection. This fact is consistent with and lends substantial weight to Davis’ testimony.
It is further urged by counsel for plaintiff that if plaintiff’s testimony as to the manner in which the accident occurred is-rejected, no reasonable explanation of his action can be advanced. Fortunately it is-not within the province of the Court to determine the reason or lack of reason which motivates the actions of drivers of motor vehicles except insofar as they may be established by the facts in a given case. Nevertheless, it may be pointed out that Davis’ version of the accident, if accepted as true, provides an adequate and acceptable explanation for it would lead to the. conclusion that plaintiff, passing the truck following Davis’ vehicle, was confronted by observation of the left turn signal given, by Davis and chose to attempt to turn his. vehicle into the space between the trucks,, a maneuver which has been frequently observed by any driver of motor vehicles on-, the open highway.
Careful examination of the record not only fails to disclose manifest error in the. *234 judgment appealed from, but, on the contrary, in our opinion preponderantly sustains the conclusion reached by the trial judge.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.